AO 91 (Rev 11/11) Criminal Complaint     C&W No. 18- 113    AUSA Rotella

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br><br>JAMES F CONNOR V<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)    18-1611-M<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of    see attached affidavit    in the county of    Philadelphia    in the Eastern District of Pennsylvania, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U S C 2251(a) | Manufacture/Attempted Manufacture of Child Pornography |
| 18 U S C 2252(a)(4)(B) | Possession of Child Pornography |

See Attachment A

This criminal complaint is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

*Complainant's signature*

Michelle Arriaga, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    10/11/2018

*Judge's signature*

JACOB P HART, U S M J.
*Printed name and title*

City and state:

## ATTACHMENT A

### Count One –Manufacture/Attempted Manufacture of Child Pornography – 18 U.S.C. § 2251

On or about April 18, 2018, in the Eastern District of Pennsylvania, defendant JAMES F. CONNOR V did knowingly employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and did attempt to do so, and the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce.

### Count Two – Possession of Child Pornography – 18 U.S.C. § 2252(a)(4)(B)

On or about October 11, 2018, in the Eastern District of Pennsylvania, defendant JAMES F. CONNOR V did knowingly possess books, magazines, periodicals, films, video tapes and other matter, namely an SD card, which contained more than 600 visual depictions that had been shipped and transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce. The production of these visual depictions involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct, and the visual depictions were of minors engaging in sexually explicit conduct.

18-1611-M

## AFFIDAVIT OF PROBABLE CAUSE

Your Affiant, Michelle D. Arriaga, a Special Agent with the United States Department of Homeland Security, being duly sworn, deposes and states as follows:

1. Your Affiant is a Special Agent employed by the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge, Philadelphia, Pennsylvania. I have been employed in such capacity since October 2008. In 2008, I completed the Federal Law Enforcement Criminal Investigator Training Program as well as the Immigration and Customs Enforcement Special Agent Training Academy located in Glynco, GA. As an HSI Special Agent, I have experience conducting criminal investigations as it pertains to violations of Title 8, Title 18, and Title 21 of the United States Code. I am currently assigned to the HSI Philadelphia Child Exploitation and Human Trafficking unit where I have investigated and assisted with the investigation of numerous cases involving the sexual exploitation of minor children. I have extensive training and experience conducting and assisting with criminal investigations including, but not limited to, the aforesaid scope.

2. As defined in Title 18, United States Code, Section 2510(7), I am authorized to conduct investigations of, and execute warrants for violations of United States law.

3. The statements in this Affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that JAMES CONNOR, date of birth

December 15, 1995, committed violations of Title 18 U.S.C. Sections 2251 and 2252 which make it a crime to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, or attempts to do so (§ 2251); and to possess visual depictions of minors engaging in sexually explicit conduct, and any attempts to do so (§ 2252).

## INVESTIGATIVE RESULTS

4. On April 19, 2018, Pittsfield Township Police in Michigan, were contacted by S.T., the mother of the 14-year old minor victim (R.T.), who reported that she had been contacted by her daughter's school regarding a 21-year old male (later identified as the defendant, JAMES CONNOR) who had been communicating with her daughter.through social media, text messaging and email. The school advised that the minor victim may have sent naked photographs to the suspect, and that he is threatening and intimidating the victim.

5. The victim was interviewed and advised police that she met the target while on the "KIK" application through a group chat sometime in December 2017. R.T. informed the officers that the subject was introduced to her as "JC" or "James," and stated that they eventually began communicating through KIK, Snapchat, Skype, emails and text messages. R.T. also stated that she would Skype with him every day until recently when she cut it back to three days a week. Additionally, R.T. stated that she told the suspect that she was 14 years old, and that the suspect told her that he was 21 years old and lived in Pennsylvania.

6. During the interview, the child told officers that while she was "Skype-ing" with the suspect, he began to ask her to show him her naked body, and that the suspect repeatedly asked her for naked photographs throughout the last two months. The minor and her mother consented to a forensic examination of the minor's cell phone, which revealed more than 400

conversations between the victim and the defendant in March and April 2018 using the application KIK, TextNow, TextPlus, and cellphone text messages. Numerous sexually explicit images and videos of the defendant and the victim were also discovered.

7. The subscriber of the phone number with whom the victim had been communicating was identified by records obtained from AT&T as the defendant, JAMES CONNOR, residing at 118 Penn Lane, West Chester, PA. Based on a review of the coordinates in the messages and photographs in the communications between the victim and CONNOR, the defendant communicated from his residence at 118 Penn Lane, West Chester, PA

8. As part of the investigation agents reviewed records obtained from Snapchat, which revealed multiple conversations between the defendant and the victim, including a number of conversations in which CONNOR requested the victim masturbate for him during her menstrual cycle. Your Affiant reviewed multiple images and videos that were extracted from the cellphone of the victim. In doing so, your Affiant observed videos that appear to correspond to one of the conversations regarding the victim masturbating during her menstrual cycle that took place on April 18, 2018. Those images depict the victim exposing her breasts, vagina and face while masturbating with a curling iron. It is clear from the videos that the victim was on her menstrual cycle,

9. KIK application conversations within the user account belonging to R.T. revealed 221 KIK messages between R.T. and the suspect on her phone. For purposes of this complaint and warrant, during a KIK conversation on March 30, 2018 through March 31, 2018, there were a number of sexually explicit images exchanged between the defendant and the victim, including an image sent by the victim at CONNOR's direction that depicted her naked vagina. Your

Affiant viewed these photos and in your Affiant's opinion, they constitute lascivious exhibition of the victim's genitals and child pornography within the definition of 18 U.S.C. § 2256.

10. The forensic exam also revealed almost 1,500 SMS messages between the defendant and the victim via the TextNow application. During a particular conversation, the defendant discussed buying the victim a ring and a chain for her "Sweet Sixteen," corroborating that he was aware that she was under the age of 16 during their communications. CONNOR directed R.T. to delete their messages a number of times during their communications.

11. On October 11, 2018, your Affiant along with other law enforcement investigators executed a search warrant at CONNOR's residence at 118 Penn Ln., West Chester, PA 19382. CONNOR was immediately encountered inside 118 Penn Ln, and was advised by Your Affiant and HSI Special Agent Rich Cerminaro that he was not under arrest and he was free to leave at any point as well as free to not speak with investigators.

12. Though he was not in custody, CONNOR was advised of his Miranda warnings, which he waived and agreed to speak with investigators concerning this investigation. The following information was gathered from CONNOR, in sum and substance:

    a. CONNOR admitted to utilizing the internet to socialize on social media platforms in violation of the terms of his federal probation. CONNOR identified a photograph of minor victim R.T., and admitted to communicating with her over his cell phone, and to sending her pornographic images and videos, and receiving the same from her.

    b. CONNOR stated that he met R.T. on a KIK messaging group and began to communicate with R.T. outside of the group shortly after meeting. CONNOR admitted that he knew R.T. was 14 years old but continued to

communicate with her in a sexual manner, despite her age. CONNOR admitted to directing R.T. to take naked photographs and videos of her masturbating, and that he would at times also tell her what to do or how to touch herself. CONNOR sent R.T. naked photos of his body and images of himself masturbating as well. CONNOR was shown images retained from R.T.'s cell phone and he identified himself in the photos and stated that he had sent those images to her.

13. A MicroSD card was recovered from CONNOR's bedroom, and CONNOR advised agents that they would find child pornography on the SD card, as well as images of victim R.T. CONNOR stated that he obtained the files through Omegle and downloaded the files to a Dropbox account that he has since closed. Forensic agents extracted 2,844 images and photos from the Micro SD card that appeared to be child pornography.

14. Your Affiant reviewed the images within the Micro SD card in the field and was able to view a subfolder on the card labeled "R*****", which is the first name of R.T. Within this folder, your Affiant reviewed 17 images. Within the 17 images, your affiant observed 7 face and clothed body pictures of R.T. and the remaining images were of R.T. naked, close up images of her breasts and vagina. Your Affiant can confirm that 3 images matched photos recovered from R.T.'s cell phone, which depict R.T. in the bathroom revealing her nude body and focusing on her breasts and vagina. During her forensic interview, R.T. identified herself in the image. A similar sanitized photo of the 3 images mentioned above of R.T. was shown to CONNOR during his interview and he admitted to requesting and receiving the image.

15. CONNOR agreed to a polygraph exam after the interview at his home. During the pre-examination polygraph interview, CONNOR stated that he had studied the polygraph examination handbook and was aware of techniques that would help him pass examinations

despite being untruthful. CONNOR admitted to utilizing these techniques in previous polygraph examinations and passing those exams even though he lied during the test. During the interview for this polygraph examination, CONNOR admitted to directing R.T. to do sexual acts in a step by step process and at one point encouraged her to utilize a hairbrush to stimulate herself. CONNOR revealed that he and R.T. would mutually masturbate through video conferencing.

## CONCLUSION

16. Based on the aforementioned factual information, your Affiant respectfully submits that there is probably cause to believe that James F. CONNOR V has committed violations of Title 18, U.S.C. § 2251 and 2252(a).

17. Therefore, I respectfully request that the attached warrant be issued authorizing the arrest of JAMES F. CONNOR V.

Respectfully submitted,

Michelle D. Arriaga
Special Agent

Subscribed and sworn before me
this _11_ day of October 2018.

JACOB P. HART
United States Magistrate Judge